```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
              SOUTHERN DIVISION AT PIKEVILLE
```

CIVIL ACTION NO. 2007-44

JEFFREY ADKINS
                                                    PLAINTIFF
VS.
                        OPINION AND ORDER
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                     DEFENDANT

This matter is before the court on the motion for summary judgment of the claimant (Doc. 9) and the cross-motion for summary judgment of the Commissioner (Doc. 10).

In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." Alexander v. Apfel, 17 Fed. Appx. 298(6th Cir. 2001)(citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. 2001)).

In order to qualify for disability benefits, a claimant must establish that he is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines "disability" as the "inability to engage in any substantial

1

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. Heston v. Commissioner of Social Security, 245 F.3d 528 (6th Cir. 2001). First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity." Heston, 245 F.3d at 534 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)( citing 20 C.F.R. 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, he must demonstrate he suffers from a severe impairment. Id. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" Id. (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then plaintiff is presumed disabled regardless of age, education or work experience. Id. (citing 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000)). Fourth, claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work. Id. Lastly, even if the claimant cannot perform his past relevant work, he is not disabled if he can perform other work

2

which exists in the national economy.  Id.  (citing Abbott, 905 F.2d at 923).

The claimant has the burden of establishing that he is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

At the time of the hearing, the claimant was 44 years old and has a tenth grade education.  He has prior relevant employment as a manager of an automotive store, parts clerk in an automotive store and he owned his own automotive store for two years.

The claimant testified that he has arthritis with pain in his back and legs.  He hurt his back seven years ago and the pain has gotten progressively worse over the years.  He has constant pain in the center of his back, which radiates down the back of his left leg, and sometimes down his right.  Bending and lifting make the pain worse.

In July 2002, the claimant had an MRI that showed he had degenerative disk disease at the L5-S1 level, resulting in a bulge-protrusion to the left at L5-S1, and a small annular tear involving the posterior left lateral aspect of the L5-S1 disk.  (AR 105 and 140).  A January 2006 MRI found claimant had a "[a]symmetric disk bulge at the L5-S1 disk level that may exert mild impingement on the S1, but looks relatively stable in retrospect.  No other pathology evident." (AR 228).  The claimant takes medication, which eases the pain but makes him

drowsy. He also uses a back brace and heat.

The claimant also complains of depression. He testified that he takes medication for his nerves. The claimant did not seek treatment for his mental disorder until after filing for benefits.

At the hearing, the ALJ sought testimony from the claimant and a vocational expert. Upon hearing the testimony and reviewing the record, the ALJ performed the requisite 5 step evaluation for determining disability.

In the case at bar, the ALJ determined at step one that the claimant had not been engaged in substantial gainful activity since the alleged onset of disability. At step two, the ALJ determined that the claimant has degenerative disc disease of the lumbar spine and an adjustment disorder with depressed mood that is considered "severe."

At step three, the ALJ determined that although the claimant has impairments that are "severe," he does not have an impairment that is listed in or equal to one listed at 20 C.F.R. part 404, subpart P, appendix 1. At step four, the ALJ found that the claimant cannot perform his past relevant work.

Lastly, at step five, the ALJ determined that the claimant could perform light work, but can only occasionally climb ladders and crawl, he can never operate machinery or work at heights or around dangerous machinery; and he is limited to simple repetitive tasks with slight limitation in his ability to tolerate stress, maintain attention and concentration, and

4

respond to supervision, coworkers, and work pressures.

The vocational expert opined that given claimant's age, education, work history and the limitations assigned by the ALJ, that a significant number of jobs existed in the national economy for which the claimant could perform.  Specifically, the vocational expert testified that a claimant with these limitations could perform light work as an office helper, 5,000 jobs locally and 50,000 jobs nationally; and night guard, 7,000 jobs locally and over 70,000 jobs nationally; and at the sedentary level he could perform work as a surveillance monitor, 2,000 jobs locally and 20,000 jobs nationally; and inspector, 6,000 jobs locally and 60,000 jobs nationally.  Based on this testimony, the ALJ found the claimant not disabled.

The claimant's sole argument is that the ALJ erred in not giving appropriate weight to the medical opinion of his treating psychiatrist, Dr. Matthew.  Dr. Matthew diagnosed the claimant with major depressive disorder and generalized anxiety disorder with a Global Assessment of Functioning ("GAF")score of 48.  The claimant argues that the ALJ did not give an adequate explanation as to why he rejected Dr. Matthew's opinion and, instead, adopted the opinion of consulting psychologist Emily McGuire.

The regulations provide that a treating physician's opinion will not be given controlling weight unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §404.1527(d)(2).  If an ALJ does not find a  treating source's opinion to be entirely credible, the ALJ may

5

reject it, provided that good reasons are specified. <u>Bogle v. Sullivan</u>, 998 F.2d 342, 347-49 (6th Cir. 1993).

Here, plaintiff specifically argues that the ALJ should have given Dr. Matthew's opinion greater weight than the consulting opinion because he was a treating physician. Dr. Matthew, however, only saw the claimant on one occasion and there is no evidence that he had an "ongoing treatment relationship" with the plaintiff as required to meet the definition of "treating source" as defined in the regulations. 20 C.F.R. §404.1502.[1] Accordingly, the Commissioner did not err in treating Dr. Matthew as a non-treating source.

The claimant argues that Dr. Matthew's opinion that the plaintiff had a GAF score of 48 suggests that he has a lower level of functioning than found by the ALJ. The court notes, however, that although Dr. Matthew assessed the claimant, Dr. Matthew did not provide any functional analysis of the claimant's limitations for work related activities. The ALJ considered Dr. Matthew's report in finding that the claimant's depression was a

---

[1] C.F.R. §404.1502 defines "treating source" as follows: *Treating source* means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times . . . to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s). We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a non-treating source.

6

severe impairment, but his report did not provide much assistance to the ALJ in assessing the claimant's specific RFC. Accordingly, the court finds that the ALJ did not reject Dr. Matthew's report as the claimant suggests, but used it to the extent possible.

Furthermore, the ALJ's determination of the claimant's RFC is supported by the functional limitations found by consulting psychologist Dr. McGuire.  Dr. McGuire found:

> Mr. Adkins capacity to understand, remember, and carry out instructions towards the performance of simple, repetitive tasks is not affected by his impairment.  His ability to tolerate stress and the pressure of day-to-day employment is affected by his impairment to a slight degree.  His ability to sustain attention and concentration towards the performance of simple and repetitive tasks is affected to a slight degree.  His capacity to respond appropriately to supervision, coworkers and work pressures in a work setting is affected to a slight degree.

(AR 145).  In adopting Dr. McGuire's findings, the ALJ rejected the opinion of another consulting source that found claimant's mental state did not qualify as a severe impairment.  Instead, the ALJ found claimant's depression was a severe impairment that limited the claimant to simple repetitive tasks with slight limitation in his ability to tolerate stress, maintain attention and concentration, and respond to supervision, coworkers, and work pressures.

In determining the claimant's RFC, the ALJ also considered the claimant's testimony, and found that the claimant's allegations of disability based upon his mental state were not credible.  The ALJ noted:

> Mr. Adkins alleges disability due to his nerves; however, he

7

> did not report any complaints of depression or nervousness to his treating physicians. The record shows no treatment for complaints of depression or anxiety until January 2005, afer a referral from his attorney, and the record then shows very sparse counseling, with stable medicinal treatment.

(AR 19).

For all the above stated reasons, the court finds that the ALJ did not err in his use of Dr. Matthew's report. The court finds that in assessing the claimant's RFC based upon his mental condition, the ALJ properly considered the claimant's testimony, the objective medical evidence, and both Dr. McGuire and Dr. Matthew's opinions. Accordingly, the court finds that the ALJ's RFC determination is supported by substantial evidence and will not be disturbed.

As discussed above, "the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." Alexander v. Apfel, 17 Fed. Appx. 298 (6th Cir. 2001) (citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. 2001)).

The court holds that the findings of the ALJ are supported by substantial evidence. Accordingly, the claimant is not disabled within the meaning of The Social Security Act and the ALJ's decision is affirmed.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the

plaintiff (Doc. 9) be, and it hereby is, **denied** and the cross motion for summary judgment of the Commissioner (Doc. 10) be, and it hereby is, **granted**. That this matter be, and it is, hereby dismissed and stricken from the docket of this court.

This 13th day of September, 2007.



Signed By:
*William O. Bertelsman* WOB
United States District Judge